UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

JAQUELINE LEGARRETA,

        Plaintiff

v.                                                            Civil Action No.:  3:21cv714-DJN

BTF3, LLC d/b/a PAPER MOON (RICHMOND CI), *et al*.,

        Defendants.

## ANSWER TO COMPLAINT

Comes now all Defendants, hereafter "The Defendants", by counsel, and for their Answer to the Complaint of JAQUELINE LEGARRETA ("Plaintiff"), state as follows:

### PRELIMINARY STATEMENT

1. The Defendants deny the allegations contained in paragraph 1 of the Complaint.

### JURISDICTION

2. The Defendants admit the allegations in paragraph 2.

3. The Defendants admit the allegations in paragraph 3.

4. The Defendants admit the allegations in paragraph 4.

### PARTIES

5. The Defendants are without knowledge regarding Plaintiff's residency and therefore must deny the same. Defendants admit that Plaintiff previously was employed by Defendants Imaginary Images, Inc., and Arkesia, Inc. Defendants admit that Plaintiff worked a single shift for BTF3, LLC in 2018. Defendants deny Plaintiff was employed by any other Defendants and any other allegations in paragraph 5 not herein admitted.

6. Defendants deny the allegations in paragraph 6 of the Complaint.

7. Defendants admit that Defendant Pyliaris is the registered agent and a member/manager of BTF3, LLC and that Defendant BTF3, LLC is a Virginia limited liability corporation with its principal office in Richmond, VA.  Defendants deny any other allegations in paragraph 7 of the Complaint not herein admitted.

8. Defendants admit that Defendant Pyliaris is the registered agent and a president of Imaginary Images, Inc. and that Defendant Imaginary Images, Inc. is a stock corporation with its principal office in Richmond, VA.  Defendants deny any other allegations in paragraph 8 of the Complaint not herein admitted.

9. Defendants admit that Defendant Pyliaris is the registered agent and a president of Arkesia, Inc. and that Defendant Arkesia, Inc. is a stock corporation with its principal office in Richmond, VA.  Defendants deny any other allegations in paragraph 9 of the Complaint not herein admitted.

10. Defendants admit that Defendant Pyliaris is the registered agent and a president of Pyliaris Corporation. and that Pyliaris, Inc. is a stock corporation with its principal office in Richmond, VA.  Defendants deny any other allegations in paragraph 10 of the Complaint not herein admitted.

11. Paragraph 11 of the Complaint does not require a response.

12. Defendants deny the allegations in paragraph 12 of the Complaint.

Factual Allegations

13. Defendants deny the allegations in paragraph 13 of the Complaint.

14. Defendants are without sufficient knowledge regarding which particular strip clubs are alleged in paragraph 14 of the Complaint and therefore must deny said allegations.

Defendants admit that Defendant Pyliaris is the registered agent and a president of 3rd Street Diner and New York Strip, and that both are stock corporations with principal office in Richmond, VA. Defendants deny any other allegations in paragraph 14 of the Complaint not herein admitted.

15. Defendants admit that Defendant Pyliaris is president and shareholder of Defendants Imaginary Images, Inc.; Arkesia, Inc.; Pyliaris Corporation. Defendants admit that Defendant Pyliaris is member and shareholder of BTF3, LLC. Defendants deny any other allegations in paragraph 15 of the Complaint not herein admitted.

16. Defendants deny the allegations in paragraph 16 of the Complaint.

17. Defendants deny the allegations in paragraph 17 of the Complaint. Defendants aver that Mike Dickinson is a marketing consultant and owner of his own company and was never employed by any Defendants.

Race-Based Staffing

18. Defendants deny the allegations in paragraph 18 of the Complaint.

19. Defendants deny the allegations in paragraph 19 of the Complaint.

20. Defendants deny the allegations in paragraph 20 of the Complaint.

21. Defendants deny the allegations in paragraph 21 of the Complaint.

22. Defendants deny the allegations in paragraph 22 of the Complaint.

23. Defendants deny the allegations in paragraph 23 of the Complaint.

24. Defendants deny the allegations in paragraph 24 of the Complaint.

25. Defendants admit that the majority of dancers contracted operate as independent contractors and therefore contract with other clubs upon expiration of that contract. Defendants deny any remaining allegations in paragraph 25 of the Complaint not herein admitted.

26. Defendants deny the allegations in paragraph 26 of the Complaint.

27. Defendants deny the allegations in paragraph 27 of the Complaint.

28. Defendants deny the allegations in paragraph 28 of the Complaint.

29. Defendants deny the allegations in paragraph 29 of the Complaint.

30. Defendants deny the allegations in paragraph 30 of the Complaint.

31. Defendants deny the allegations in paragraph 31 of the Complaint.

Retaliation

32. Defendants admit that Plaintiff was previously employed by Defendants BTF3, Imaginary Images, and Arkesia.  Defendants deny the any other allegations in paragraph 32 of the Complaint not herein admitted.

33. Defendants admit the allegations in paragraph 33.

34. Defendants are without sufficient knowledge regarding the allegations in paragraph 34 of the Complaint and therefore must deny said allegations.

35. Defendants are without sufficient knowledge regarding the allegations in paragraph 35 of the Complaint and therefore must deny said allegations.

36. Defendants are without sufficient knowledge regarding the allegations in paragraph 36 of the Complaint and therefore must deny said allegations.

37. Defendants are without sufficient knowledge regarding the allegations in paragraph 37 of the Complaint and therefore must deny said allegations.

38. Defendants admit that Plaintiff was fired from managing Paper Moon Southside. Defendants are without sufficient knowledge regarding the remaining allegations in paragraph 38 of the Complaint and therefore must deny said allegations.

39. Defendants are without sufficient knowledge regarding the allegations in paragraph 39 of the Complaint and therefore must deny said allegations.

40. Defendants are without sufficient knowledge regarding the allegations in paragraph 40 of the Complaint and therefore must deny said allegations.

41. Defendants are without sufficient knowledge regarding the allegations in paragraph 41 of the Complaint and therefore must deny said allegations.

42. Defendants are without sufficient knowledge regarding the allegations in paragraph 42 of the Complaint and therefore must deny said allegations.

43. Defendants deny the allegations in paragraph 43 of the Complaint.

## Count I – Title VII Retaliation

44. Defendants deny the allegations in paragraph 44 of the Complaint.

45. Defendants deny the allegations in paragraph 45 of the Complaint. Defendants aver that Plaintiff had numerous complaints from dancers, patrons, and other individuals through her time working for Club Rouge or Paper Moon. Defendants aver that Plaintiff was fired for contracting dancers without required documentation or even contact information and permitting one dancer to become dangerously intoxicated and drive a vehicle into a customer's car.

46. Defendants deny the allegations in paragraph 46 of the Complaint.

47. Defendants deny the allegations in paragraph 47 of the Complaint.

48. Defendants deny the allegations in paragraph 48 of the Complaint.

49. Defendants are without sufficient knowledge regarding the allegations in paragraph 49 of the Complaint and therefore must deny said allegations.

50. Defendants are without sufficient knowledge regarding the allegations in paragraph 50 of the Complaint and therefore must deny said allegations.

51. Defendants are without sufficient knowledge regarding the allegations in paragraph 51 of the Complaint and therefore must deny said allegations.

## Count II - § 1981 Retaliation

52. Defendants deny the allegations in paragraph 52 of the Complaint.

53. Defendants deny the allegations in paragraph 53 of the Complaint.

54. Defendants deny the allegations in paragraph 54 of the Complaint. Defendants aver that Plaintiff had numerous complaints from dancers, patrons, and other individuals through her time working for Club Rouge or Paper Moon. Defendants aver that Plaintiff was fired for contracting dancers without required documentation or even contact information and permitting one dancer to become dangerously intoxicated and drive a vehicle into a customer's car.

56. Defendants deny the allegations in paragraph 56 of the Complaint.

WHEREFORE, having fully answered Plaintiff's Complaint, the Defendants respectfully request that this Court enter no Order to their prejudice and award their costs incurred in this defense, including reasonable attorney's fees.

                        Respectfully submitted,

                        BTF3, LLC
                        IMAGINARY IMAGES, INC.
                        ARKESIA, INC.
                        PYLIARIS CORPORATION
                        WILLIAM PYLIARIS

By Counsel:

    /s/ Justin L. Criner, Esq.     .
Justin Criner (VSB # 90649)
808 Moorefield Park Drive, Suite 110
North Chesterfield, VA 23236
(804) 788-1500
(804) 788-0135 (facsimile)
wetherington@bealelaw.com
jcriner@bealelaw.com


## CERTIFICATE OF SERVICE

    I hereby certify that on the 4th day of January 2022, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    Craig J. Curwood, Esq. (VSB # 43975)
    Paul M. Falabella (VSB #81199)
    BUTLER CURWOOD, P.C.
    140 Virginia Street, Suite 302
    Richmond, VA 23219
    804-237-0413 (facsimile)
    craig@butlercurwood.com
    paul@butlercurwood.com

    *Attorneys for Plaintiff*

    /s/ Justin L. Criner, Esq.     .
Justin L. Criner (VSB # 90649)
808 Moorefield Park Drive, Suite 110
North Chesterfield, VA 23236
(804) 788-1500
(804) 788-0135 (facsimile)
wetherington@bealelaw.com
jcriner@bealelaw.com
Counsel for Defendants